**STATE of Missouri, Respondent,**

v.

**Larry BOHLEN, Appellant.**

No. 55936.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1972.

of the case as provided in Supreme Court Rule 70.01(a), [V.A.M.R.]."

■ The point is overruled for two reasons: First, it is held in State v. Reed (Mo.Sup.) 452 S.W.2d 71, 74 that " . . . the pattern instructions of MAI are applicable only to civil cases . . . " Second, MAI 2.01 in its present form is not appropriate for a criminal case, as it contains language which might be interpreted by the jurors as intimating the defendant in a criminal case should or must make an opening statement, put on evidence, or is required to do more, if he so chooses, than to put the state to its proof.

Judgment affirmed.

HOLMAN, P. J., and RICKHOFF, Special Judge, concur.

BARDGETT, J., not sitting.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Schaeffer & Schaeffer, Herbert D. Schaeffer, Clayton, for appellant.

SEILER, Judge.

This is an appeal from a conviction by the jury of second degree burglary of a drug store at 3849 Finney, St. Louis, followed by a sentence of four years' imprisonment by the court under the second offenders statute. Again it is a case where we have jurisdiction by virtue of the appeal being here on January 1, 1972.

The ground briefed on appeal is that the trial court "erred when it failed to read the mandatory MAI instruction 2.01 to the jury prior to commencement of State's case and/or to include said instruction with the instructions given to the jury at the close